United States District Court
Northern District of California

1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT

8       NORTHERN DISTRICT OF CALIFORNIA

9

10      CHRISTOPHER DAVON SCOTT,                   Case No. 25-cv-02791-RS (PR)
                        Plaintiff,
11
                v.                                 ORDER DISMISSING THE
12                                                 COMPLAINT WITH LEAVE TO
        W RAHIMI, et al.,                          AMEND
13
                        Defendants.
14

15

16                              INTRODUCTION

17          Plaintiff alleges deputy sheriffs violated his right to self-representation by denying

18   him access to phone calls, books, and electronic tablets.  His 42 U.S.C. § 1983 complaint

19   containing these allegations is now before the Court for review pursuant to 28 U.S.C. §

20   1915A(a).

21          Plaintiff has not stated any claim for relief.  Sheriff's deputies cannot violate

22   plaintiff's right to self-representation, and his allegations do not state an access-to-court

23   claim under the First Amendment.  Accordingly, the complaint is DISMISSED with leave

24   to file an amended complaint on or before **August 1, 2025**.  The amended complaint must

25   comply with the instructions in this order.  Failure to file a proper amended complaint by

26   August 1, 2025 will result in dismissal of this action under Federal Rule of Civil Procedure

27   41(b) without further notice to plaintiff.

28

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Plaintiff alleges that on several occasions in February and March 2025 sheriff's deputies at the San Mateo County Jail violated his "*Faretta* rights by denying access to my pro per needs, such as phone calls, books and/or electronic tablets."  (Compl., Dkt. No. 1 at 3.)  These allegations fail to state a claim for relief.  Under *Faretta v. California*, 422 U.S. 806 (1975), a criminal defendant has the right to represent himself at trial.  *Faretta* is

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND
CASE NO. 25-cv-02791-RS

2

United States District Court
Northern District of California

1   violated only when a trial judge refuses to allow a defendant to represent himself.  Other

2   persons, such as sheriff's deputies, cannot violate *Faretta*.

3          The events plaintiff describes might form the basis for a First Amendment claim.

4   To state a First Amendment access-to-court claim, a litigant must allege facts showing that

5   the interference caused him an actual injury by hindering his efforts to pursue a legal

6   claim.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Sands v. Lewis*, 886 F.2d 1166, 1171

7   (9th Cir. 1989) ("Only if an actual injury is alleged does a plaintiff state a claim for which

8   relief can be granted.").  "If no actual injury has resulted, then the rights of the prisoner

9   have not been infringed, and the inquiry need go no further."  *Vandelft v. Moses*, 31 F.3d

10  794, 797 (9th Cir. 1994).  An "actual injury consists of some specific instance in which an

11  inmate was actually denied access to the courts," *Sands*, 886 F.2d at 1171 (citations

12  omitted), such as the inability to meet a filing deadline or present a claim, resulting in the

13  loss of the claim, *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011)

14  (citing *Lewis*, 518 U.S. at 348).  Plaintiff's allegations do not show any actual injury.

15         Also, plaintiff does not state who violated his rights.  He names Deputies Rahimi

16  and Nunez in the complaint, but those names do not appear in the actual allegations — nor

17  are any other persons named.  To state a claim, plaintiff must name the person responsible

18  and describe his actions with specificity.  Merely saying that unnamed deputies refused to

19  let him make phone calls to unspecified persons or have unspecified books is insufficient.

20  "A person deprives another 'of a constitutional right, within the meaning of section 1983,

21  if he does an affirmative act, participates in another's affirmative acts, or omits to perform

22  an act which he is legally required to do that causes the deprivation of which [the plaintiff

23  complains]."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v.

24  Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  The inquiry into causation must be

25  individualized and focus on the duties and responsibilities of each individual defendant

26  whose acts or omissions are alleged to have caused a constitutional deprivation.  *Id.*

27  Plaintiff's allegations do not meet these standards.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **August 1, 2025**.  The amended complaint must include the caption and civil case number used in this order (25-02791 RS (PR)) and the words FIRST AMENDED COMPLAINT must appear on the first page.  The amended complaint must also appear on this Court's form, a copy of which will be sent to plaintiff.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from any prior complaint or document by reference.  Failure to file a proper amended complaint by August 1, 2025 will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:** June 24, 2025

RICHARD SEEBORG
Chief United States District Judge